IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOBBY DON HENRY                                                              PETITIONER
ADC #112048


V.                                    NO. 5:10-cv-00372 JLH-JWC


RAY HOBBS, Director,                                                        RESPONDENT
Arkansas Department of Correction


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3.      An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Bobby Don Henry, an Arkansas Department of Correction (ADC) inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), along with a supporting memorandum of law (doc. 2).  For the reasons that follow, the petition should be **denied with prejudice** as barred by the one-year statute of limitations applicable to federal habeas petitions.  *See id.* § 2244(d).

I.

Following a jury trial in 1998 in the Circuit Court of Logan County, Arkansas, Petitioner was convicted of first-degree murder and was sentenced to life imprisonment. In a direct appeal, he argued that: (1) the trial court erred in allowing introduction of an entire 911 tape that contained his wife's call following the shooting of the victim; (2) the

state violated Ark. R. Crim. P. 17 by withholding an offense report documenting a fight between the victim and another man six weeks prior to the shooting; and (3) the trial court erred in failing to grant his motion for mistrial because of prosecutorial misconduct during opening statements. On April 22, 1999, the Arkansas Supreme Court affirmed. *Henry v. State*, 989 S.W.2d 894 (Ark. 1999).

Petitioner then had the right, under Arkansas law, to challenge his conviction by filing a petition for state post-conviction relief within sixty days of the appellate court mandate. Ark. R. Crim. P. 37.2(c). He did not do so.

Eleven years later, in 2010, Petitioner filed in the Arkansas Supreme Court a pro se petition to reinvest jurisdiction in the trial court to consider a Rule 37 petition for post-conviction relief. On September 16, 2010, the supreme court rejected his petition, finding that he was "not obligated to obtain permission from this court before proceeding in the trial court with a petition under the rule, even though his petition if filed in the trial court would not be timely under the revised rule." *Henry v. State*, 2010 Ark. 334, at 1. There is no allegation or evidence that he pursued any other relief in state court.

Petitioner now brings this federal habeas petition, advancing the following claims:

       1.     His trial counsel rendered ineffective assistance, in violation of the Sixth Amendment to the United States Constitution;

       2.     He was prejudiced by the participation of an assistant attorney general as an appointed special deputy prosecuting attorney in his murder prosecution because the appointment violated the separation of powers provision of the Arkansas Constitution;

       3.     The prosecutors withheld an offense report documenting a fight between the murder victim and another man six weeks before the murder, in violation of Ark. R. Crim. P. 17 and the United States Constitution; and

4.      He was unfairly prejudiced by the admission of a recording of a 911 telephone call made by his wife following the shooting.

Respondent asserts (doc. 10) that the petition should be dismissed for several reasons: (1) it is barred in its entirety by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d); (2) Ground 1 is procedurally defaulted because Petitioner failed to properly present it to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991); (3) Grounds 2 and 4 do not state claims cognizable in federal habeas corpus; and (4) Ground 3 does not state a cognizable habeas claim to the extent it complains of a violation of state procedural rules, and, to the extent it raises a federal constitutional claim, it is procedurally defaulted and plainly without merit.  Petitioner responded to these arguments (docs. 3, 13, 14).  Because the Court agrees that the petition is time-barred, Respondent's other arguments for dismissal need not be addressed.

II.

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for federal habeas relief within one year after the state conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A); *see Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998) (this includes the completion or denial of certiorari proceedings before the United States Supreme Court or, if certiorari is not sought, expiration of the time allotted for filing a petition for the writ).

Here, the Arkansas Supreme Court affirmed Petitioner's conviction on April 22, 1999.  After that date, Petitioner had ninety days, or until July 21, 1999, to file a petition for

writ of certiorari with the United States Supreme Court.  *See* Sup. Ct. R. 13, 30.1.  He chose not to do so.  As a result, July 21, 1999, is the date on which Petitioner's judgment of conviction became final, triggering the running of the one-year statute of limitations for filing a federal habeas petition.  Filing deadlines fall on the anniversary date of the triggering event, making any federal petition due, at the latest, on July 21, 2000.  *See Wright v. Norris*, 299 F.3d 926, 927 n.2 (8th Cir. 2002).

Petitioner certifies that he placed his § 2254 habeas petition in the prison mailing system on December 22, 2010 (doc.1, at 19), which is deemed his day of filing.  *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (pro se prisoner's habeas petition is "filed" on the date delivered to prison authorities for mailing to the clerk of the court).  This was more than eleven years after Petitioner's state conviction became final, clearly outside the one-year limitations period.

Time consumed by properly filed post-conviction proceedings in state court does not count against the federal habeas limitations period.  28 U.S.C. § 2244(d)(2).  However, Petitioner's Rule 37 state post-conviction petition was filed in 2010, ten years *after* the statutory deadline.  The statute of limitations for a federal habeas filing cannot be tolled after it has expired.  *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006).  Section 2244(d)(2)'s tolling provision does not revive an expired limitations period or restart the one-year calculation.  Therefore, the Rule 37 petition had no effect on the limitations period applicable to Petitioner's claims.

Through statutory provisions, the commencement of the limitations period for timely filing a federal habeas petition may sometimes extend beyond the date on which the state judgment becomes final. *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009). Specifically, the running of the limitations period may be delayed by an "impediment to filing [a federal habeas] application created by State action in violation of the Constitution or laws of the United States, ... if the applicant was prevented from filing by such State action," 28 U.S.C. § 2244(d)(1)(B); by a United States Supreme Court decision announcing a newly recognized constitutional right made retroactively applicable to cases on collateral review, *id.* § 2244(d)(1)(C); or by the existence of factual predicates which "could [not] have been discovered through the exercise of due diligence," *id.* § 2244(d)(1)(D).

The one-year statutory limitations period is also subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been "pursuing his rights diligently" but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562.

To excuse his untimeliness, Petitioner invokes § 2244(d)(1)(B)-(D), as well as the equitable tolling doctrine as articulated in *Holland* (doc. 1, at 4-5, 17; doc. 2, at 3, doc. 3; doc. 13, at 5-7; doc. 14, at 2). He asserts that the lead attorney in his state criminal proceedings, Sam Sexton, was preparing a § 2254 federal habeas petition for him but died in January 2000. He says his other two attorneys failed to follow through with the federal petition, failed to advise him of the one-year filing deadline, and did not keep in contact with

him.  He says he found out in June 2000 that the federal habeas deadline had passed,[1] but

he continued to request copies of his trial transcript and case file from the Logan County

Circuit Clerk and Mr. Sexton's law firm, with no success.  *See* Pet'r Ex. 7 (doc. 1, at 33

[06/09/00 letter from circuit clerk in response to Petitioner's request for copies of his case

file and transcript]), Ex. 8 (*id.* at 34 [06/23/00 letter from circuit clerk advising that a FOIA

request must be made in person]), Ex. 9 (*id.* at 40 [07/03/00 letter from attorney Daniel

Shue, advising that Petitioner's transcript was with a different law firm]), Ex. 10 (*id.* at 41

[07/11/00 letter from attorney A. Powell Sanders stating case file would be provided]), Ex.

11 (*id.* at 42 [11/06/00 letter from Petitioner to Mr. Sanders notifying of intent to file criminal

charges and ethics complaint due to failure to provide trial transcript and case file]), Ex. C

(doc. 13, at 24 [10/18/00 letter to Mr. Sanders asking for transcript and case file]).

Petitioner says that, as suggested by Mr. Sexton's law firm in July 2000, his sister

contacted an attorney in Little Rock, but the attorney said it was too late to file a federal

habeas petition.  (*See* Pet'r Ex. 10 [doc. 1, at 41].)  He states, in a January 2001 letter, that

he finally had received a transcript from the law firm, but pages were missing.  (Pet'r Ex.

D [doc. 13, at 25].)  Petitioner says he "gave up at that point," until 2010, when he went to

work in the prison law library and learned of legal authority that might allow him to proceed

to federal court (doc. 13, at 6).

Petitioner also asserts that his pursuit of federal relief was unlawfully impeded by the

Arkansas Attorney General, who advised the Logan County Circuit Clerk of its opinion that,

---

[1]Petitioner erroneously believed that the deadline expired in April 2000, i.e., one year from the Arkansas Supreme Court's April 1999 decision, which did not take into account the 90-day period for seeking certiorari.

because Freedom of Information Act requests must be made in person, a circuit clerk is not required to respond to an ADC inmate's FOIA request for public records. *See* Ark. Op. Atty. Gen. No. 88-161, 1988 WL 279464 (Pet'r Ex. 8 [doc. 1, at 34-39]).

These allegations are insufficient to extend the filing deadline.

First, conduct of either a retained or state-appointed attorney does not constitute the type of unconstitutional, state-created impediment contemplated by § 2244(d)(1)(B). *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007); *see Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (state's "effort to assist prisoners in post-conviction proceedings [by appointing counsel] does not make the State accountable for a prisoner's delay").

Moreover, the lack of a trial transcript or other records – due to conduct of any attorney, the circuit clerk, or the Arkansas Attorney General – did not constitute an impediment that "prevented" Petitioner from filing a habeas petition, or from ascertaining the facts necessary to formulate his claims had he acted with diligence.  Petitioner obviously was aware of the facts underlying the charged offense, was present during his 1998 trial, and generally knew at that time the actions and inactions of his attorneys that could be the basis for claims of ineffective assistance of counsel, as alleged in Ground 1 of his federal habeas petition. *See* doc. 1, at 4-6.  Prior to trial, his state attorneys filed a motion to disqualify the special deputy prosecutor, alleging a separation of powers argument like the one raised in his current Ground 2. *See id.* at 7-8, 27-30 [Pet'r Ex. 4 & 5]).  In his direct appeal, decided in April 1999, he made arguments similar to those raised in his current Grounds 3 and 4. *See id.* at 9-15; *Henry*, 989 S.W.2d at 895-98.  Petitioner states that he and Mr. Sexton were discussing his § 2254 habeas case "on the phone on a regular basis," and that he spoke with Mr. Sexton's secretary "after his death" (doc. 13,

at 6-7).  Mr. Sexton died in January 2000, and, as stated, Petitioner's one-year deadline did not expire until July 2000.

Clearly, Petitioner possessed the essential facts for presenting at least a skeletal federal habeas petition within the one-year statutory period.  Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay ... while a habeas petitioner gathers every possible scrap of evidence that might ... support his claim."  *Earl*, 556 F.3d at 725-26 (quoting *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (state's failure to provide trial transcript was not state-created impediment that prevented him from providing sufficient factual support for his claims); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) ("Possession of a transcript ... is not a condition precedent to the filing of [post-conviction] proceedings.").

Petitioner contends that his circumstances are similar to those in *Holland*, where the Supreme Court suggested that equitable tolling might be appropriate.[2]  In *Holland*, the Supreme Court stated that an attorney's "serious instances of ... misconduct" and "failure to satisfy professional standards of care" constituted "far more than 'garden variety' or 'excusable neglect '" and  "may well be an 'extraordinary circumstance'" justifying equitable tolling of the federal statute of limitations.  *Holland*, 130 S. Ct. at 2562, 2564.  No attorney conduct alleged in this case meets that standard.[3]

---

[2]Petitioner also relies on *Holland* as a basis for extending the limitations period under § 2244(d)(1)(C).  This argument is unavailing as *Holland* did not involve a "newly recognized [constitutional] right ... made retroactively applicable to cases on collateral review."

[3]*Holland* involved an attorney's failure to file a federal habeas petition on time despite the petitioner's many letters repeatedly emphasizing the importance of doing so, failure to do the research necessary to find out the proper filing date despite the petitioner's letters identifying the applicable legal rules, failure to timely inform the petitioner when the state supreme court decided his case despite the petitioner's pleas for that information, and failure to communicate with his client

Even if the circumstances immediately following his attorney's death in January 2000 could excuse some delay in filing, Petitioner did not file his habeas petition until December 2010, and he has made no allegation, much less demonstrated, that any extraordinary circumstances stood in his way during that ten-year gap to prevent a timely filing. *See Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010). Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). It is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (no tolling where petitioner did not diligently seek state and federal relief); *Earl*, 556 F.3d at 724-25 (delayed receipt of case file, pro se status, lack of access to legal materials and limited time in library); *Runyon*, 521 F.3d at 945-46 & n.4 (failure to file protective federal habeas petition); *Jihad v. Hvass*, 267 F.3d 803, 805-07 (8th Cir. 2001) (inability to obtain state post-conviction counsel and defense counsel's delay in sending petitioner his trial transcript); *Gassler*, 255 F.3d at 494 (delays in obtaining trial transcript). As illustrated by the cited cases, any obstacles faced by Petitioner in the ten years since his attorney's death were not extraordinary when measured according to those encountered by a typical prisoner who prosecutes a pro se federal habeas petition.

---

or respond to his letters over a period of years. *Id.* at 2564.

More importantly, regardless of whether Petitioner's circumstances are "extraordinary" under the standard set forth in *Holland* or any other authority, he has not demonstrated that he meets the second requirement for application of equitable tolling: diligence in pursuing his rights.  In *Holland*, the Supreme Court indicated that the petitioner acted with reasonable diligence by writing his attorney numerous letters seeking crucial information and providing direction; by repeatedly contacting the state courts, their clerks, and the state bar association in an effort to have his attorney removed from his case; and, the very day he discovered the statute of limitations had expired due to his attorney's failings, by preparing his own pro se habeas petition and promptly filing it with the federal district court.  *Holland*, 130 S. Ct. at 2565.

Here, in contrast, Petitioner knew that his state court conviction had been affirmed in April 1999, was in regular contact with his attorney in the months after that, knew that his attorney was preparing a federal habeas petition, discussed that petition with his attorney, and knew that his attorney died in January 2000.  He says he found out about the one-year limitations period in June 2000, erroneously believing it had already expired.  He nevertheless made some efforts from June to November 2000 to obtain his case file and trial transcript, and succeeded in obtaining a partial transcript in January 2001.  Petitioner admits that he "gave up at that point," waiting almost ten years before filing his pro se § 2254 petition in federal court.  These efforts do not demonstrate that he acted with reasonable diligence to preserve and pursue any federal habeas claims that he had discussed with his attorney.  *See Nelson*, 618 F.3d at 893 (petitioner failed to pursue his rights diligently by not filing his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding); *Earl*, 556 F.3d at 724

11

(no diligence where habeas petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final).

In summary, Petitioner filed this petition outside the one-year limitations period provided in § 2244(d), and he has not demonstrated that the period should be tolled or extended under any statutory provision or equitable principles.  The petition should be dismissed as untimely.

Also pending is Petitioner's motion for appointment of counsel (doc. 15).  There is neither a constitutional nor statutory right to counsel in federal habeas proceedings; instead, it is committed to the discretion of the district court.  *Sanders v. Norris*, 529 F.3d 787, 789 (8th Cir. 2008); *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *see also* Rule 8(c), Rules Governing § 2254 Cases in United States District Courts; 18 U.S.C. § 3006A(a)(2) (counsel may be appointed when "the interests of justice so require").  Petitioner has demonstrated that he understands the issues and has been capable of articulating his claims and replying to Respondent's arguments for dismissal.  Under these circumstances, appointment of counsel is not warranted.

III.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1) should be **denied as untimely, dismissing this action in its entirety with prejudice**. Petitioner's motion for appointment of counsel (doc. 15) should be denied.  Furthermore, a certificate of appealability should be denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2); Rule 11, Rules

Governing § 2254 Cases in United States District Courts; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy § 2253(c) when habeas petition is denied on procedural grounds, petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

DATED this 15th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE